## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

CURTIS RENEE ELLIS                                        PLAINTIFF

v.                                        CIVIL ACTION NO. 3:08CV-P458-S

TOM CAMPBELL *et al.*                                        DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Curtis Renee Ellis is an inmate currently incarcerated at the Larue County Detention Center. Plaintiff was previously held at the Jefferson County Detention Center. He filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Director of the Jefferson County Detention Center, Tom Campbell; the Jefferson County Department of Corrections; and unknown Medical Staff. Plaintiff claims that on December 21, 2007, he notified the medical staff that he had a boil on his buttocks and requested medical attention. He claims that the medical staff completely ignored his request for medical attention, refusing to even look at the boil. Approximately a week later the boil burst. Plaintiff was then taken to the medical ward and saw a doctor two days later. The doctor allegedly told Plaintiff that he should have received medical attention much earlier and that because of the lack of medical attention he would have to lance the boil. Plaintiff states that the lancing procedure was extraordinarily painful and that months later he still has pain, nerve damage, and difficulty walking and sitting. Plaintiff states that the medical staff should have provided him quicker medical care and that Defendant Campbell should "pay more attention" to his medical staff.

While Plaintiff indicates that he is suing Defendant Campbell in both his official and individual capacities, he does not affirmatively indicate whether he is also suing the unnamed

medical staff in both their individual and official capacities.[1]  " Where the face of the complaint does not indicate that a suit is against officers in their individual capacities, the suit is deemed to be against the officers in their official capacities."  *Haynie v. Bass*, 902 F.2d 33 (6th Cir. 1990) (citing *Wells v. Brown*, 891 F.2d 591, 593-94 (6th Cir. 1989)).  The face of the complaint does not give any indication that Plaintiff intends to sue the unknown Medical Staff in their individual capacities.  As such, this suit is deemed to be against them in only their official capacities.

## I.

This matter is before the Court for *sua sponte* screening of the *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, __ , 127 S. Ct. 1955, 1965 (2007)

---

[1]The Court is uncertain whether Plaintiff actually intended to sue the medical staff.  He did not list them in the parties section of the complaint or include summonses for them. However, because Plaintiff listed them in the caption of the complaint, they are considered part of the action.  *See* Fed. R. Civ. P. 10(a).

2

(internal citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at __, 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*).  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.    Jefferson County Detention Center

Municipal departments, such as jails, are not amenable to suit under § 1983.  *See Rhodes*

3

*v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983).  Accordingly, because the Jefferson County Detention Center is not a "person" subject to suit under § 1983, Plaintiff's claims against it will be dismissed.

**B.     Official-Capacity Claims**

Official-capacity suits brought against employees of the jail are the same as suing the jail. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008).  However, the Jefferson County Detention Center is not a "person" subject to suit under § 1983.  *See Rhodes v. McDannel*, 945 F.2d at 120.  It is the Louisville Metro Government that is the proper defendant.  *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself).  Further, the Louisville Metro Government is a "person" for purposes of § 1983.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  The Court will therefore construe the official-capacity claims as brought against the Louisville Metro Government.

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues:  (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. at 691 (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from

acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), overruled on other grounds, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims.  Thus, the official-capacity claims must be dismissed.

## C.   Individual-Capacity Claims Against Defendant Campbell

"Respondeat superior[2] is not a proper basis for liability under § 1983."  *McQueen v.*

---

[2]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

*Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006).  "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted).  "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).  In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999).  "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).  Thus, Defendant Campbell's position as Director of Louisville Metro Department of Corrections does not automatically make him liable for the actions/inactions of his subordinates.  *See, e.g.*, *Brown v. Green*, No. 97-1117, 1997 U.S. App. LEXIS 35331 (6th Cir. Dec. 12, 1997) ("Defendant Green, being sued in her official capacity as the Medical Director of the Michigan Department of Corrections, cannot be held liable for an alleged constitutional violation, because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Farrow v. West*, 320 F.3d 1235, 1238 n.1 (11th Cir. 2003) (holding that the regional director of prison medical services was not liable for actions of subordinate medical staff).  Because Plaintiff's allegations against Defendant Campbell relate only to his role as Director of Louisville Metro Department of Corrections, Plaintiff's individual-capacity claims against

Defendant Campbell will be dismissed.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
4411.008